IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **VALARIE MCGEE,** | * | |
| **Plaintiff,** | * | |
| vs. | * | No. _____ |
| | | **JURY DEMANDED** |
| **TECHINICOLOR DISTRIBUTION, INC.** | * | |
| **Defendant.** | * | |

_____

## COMPLAINT
_____

Comes now Plaintiff, Valarie McGee by and through counsel, and for her complaint against the Defendant, states as follows:

### I.   INTRODUCTION

1.   This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e) et seq. and 42 U.S.C. Section 1983.

2.   This action is also brought pursuant to the Tennessee Human Rights Act, T.C.A. Section 4-21-401, et seq.

3.   This action alleges wrongful termination and employment discrimination on the basis of race, sex and retaliation in violation of federal law and the First, Fifth and Fourteenth Amendment to the United States Constitution.

### II.   JURISDICTION

4.   Jurisdiction is conferred on this court under the First and Fourteenth Amendments to the United States Constitution and the provisions of Title VII, 42 U.S.C. Section 2000(e)-5(f)(3) and pursuant to 28 U.S.C. Section 1331 and 1343.  Supplemental jurisdiction is

also conferred on this court under 28 U.S.C. Section 1367.

     **5.**    Plaintiff timely filed a charge of discrimination with the Tennessee Human Rights Commission on or about July 13, 2011. Notice of Right to Sue was issued by the Equal Employment Opportunity Commission on or about December 6, 2011. This action is timely filed.

### III.  PARTIES

     **6.**    Plaintiff, Valarie McGee, is an adult female citizen of the State of Tennessee and the United States of America.

     **7.**    Defendant, Technicolor Distribution Inc., is a distribution company, which packages and distributes audio and visual products throughout the United States, and operates in Memphis, Shelby County, Tennessee and the United States of America.

### IV.  FACTS

     **8.**    Plaintiff was initially employed by Defendant on January 18, 1999, as a Production Planning Supervisor.  Over the tenure of her employment she was promoted to progressively higher paying positions until he was ultimately promoted to Scheduling Supervisor. At the time of she was laid off, on or about July13, 2011, she was employed as the Scheduling Supervisor at the Walgreens store located at 4183 Kirby Parkway, Memphis, Shelby County, Tennessee at a salary of $48,600.00 a year plus bonuses.

     **9.**    On or about July 13, 2011, Plaintiff was advised by her Manager that she was being laid off because of a lack of work.

     **10.**    Plaintiff was laid off despite the fact that she had been employed for over eleven (11) years and had been an excellent employee.

     **11.**    Plaintiff was laid off while a white male, Larry John Turmire; with less experience and a history of poor work performance was retained.

12. At the time Plaintiff was laid off, Larry John Turmire and she held the same position, however, he was being paid a higher salary than Plaintiff, despite the fact he had less supervisory experience and had not been with the company as long.

13. During her term of employment, Plaintiff was subjected to several instances of inappropriate racial and sexual comments.

14. At one point after Plaintiff complained about an inappropriate comment made by a white supervisor, the supervisor sent an email to several other employees stating that "she is too stressed, maybe need to spend some time with Tony Gray".

15. Tony Gray was a black male supervisor and the manager was insinuating that Plaintiff needed to have some form of personal or sexual contact with another employee to relieve her stress.

16. After the email was sent, Plaintiff became the topic of conversation throughout the warehouse and was humiliated.

17. As a result of the work environment created by the repeated inappropriate conduct of Defendant's agents/employees, Plaintiff suffered great stress and humiliation.

18. Plaintiff continually complained about the conduct of her supervisors, however, no action was ever taken to correct the conduct.

### V.  WRONGFUL TERMINATION/RETALIATION

19. Defendants lay off /termination of Plaintiff's employment and its refusal to follow its policies and procedures in implementing a reduction in force in laying off employees was a malicious and intentional act in retaliation for her prior complaints against various managers for their inappropriate conduct. These acts were for the purpose of preventing her from exercising

of rights guaranteed by the Constitution of the United States, i.e., filing grievances and complaining to management about adverse working conditions.

20. Defendants lay off /termination of Plaintiff's employment, while retaining other less qualified white employees constitutes an intentional and malicious act in violation of the Tennessee Human Rights Act, T.C.A. Section 4-21-401, et seq.

## VI.   RACE AND SEX DISCRIMINATION

21. Defendant's termination of Plaintiff's employment, and it's refusal to follow its policies and procedures in addressing complaints, including sexual harassment complaints made by female employees against male management constitutes sex discrimination in violation of Title VII, in that management wholly failed to ever take plaintiff's complaints seriously, thus refused to take corrective action.

22. Defendant's practice of paying less qualified white employees a higher salary than Plaintiff constitutes race discrimination.

23. Defendant's practice of paying less qualified white male employees a higher salary than Plaintiff constitutes sex discrimination.

24. As a direct and proximate result of the unlawful employment practices, violations of law, sexual harassment and sex discrimination alleged herein, Plaintiff has sustained humiliation and embarrassment, denial of reputation and professional standing; and, denial of the right to pursue her occupation of choice.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against the defendant as follows:

Issue a declaratory judgment finding that the practices herein alleged are unlawful.

Award Plaintiff back pay, front pay, and compensatory damages against Defendant in an amount to be determined by the Court.

Award Plaintiff punitive damages against the defendant in an amount to be determined by the Court.

Award costs, expenses and attorney fees pursuant to 42 U.S.C. Section 1988.

Grant Plaintiff such further relief as this Court deems proper.

                  PLAINTIFF DEMANDS A JURY TRIAL.

                  Respectfully Submitted,

                  ***SPRINGER & ASSOCIATES***

                  /s/ Paul J. Springer
                  PAUL J. SPRINGER (#21267)
                  WILLIAM KELLEY (#17093)
                  Attorney for Plaintiff
                  301 Washington Ave., Ste. 302
                  Memphis, TN 38103
                  (901) 528-8391

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Valarie McGee<br>6474 Lake Valley Drive<br>Memphis, TN 38141 | From: | Memphis District Office<br>1407 Union Avenue<br>Suite 901<br>Memphis, TN 38104 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2011-02332 | Antonio Jones, Investigator | (901) 544-0102 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*(signature)* Katharine W. Kores, Director

DEC 06 2011 *(Date Mailed)*

Enclosures(s)

cc: Kristy Gunn<br>Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.<br>International Place Tower<br>6410 Poplar Ave.<br>Memphis, TN 38119