IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VALARIE MCGEE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:12-cv-2198-JTF-tmp |
| | ) |
| TECHNICOLOR DISTRIBUTION, INC., | ) |
| | ) |
|        Defendant. | ) |

_____

**MOTION FOR SUMMARY JUDGMENT**
_____

      Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1(a), Defendant Technicolor Videocassette of Michigan, Inc. ("Defendant" or "Technicolor"), incorrectly sued herein as Technicolor Distribution, Inc., moves for summary judgment on all of Plaintiff's claims on the grounds that there are no genuine issues of material fact, and Defendant is entitled to judgment in its favor as a matter of law. First and foremost, Defendant is entitled to summary judgment because Plaintiff released all of her claims in consideration for a payment of $21,773. In any event, as set forth below and more fully in Defendant's Memorandum in Support of Motion for Summary Judgment, even if she had not released her claims, Defendant would still be entitled to judgment as a matter of law.

      First, Plaintiff claims that Technicolor laid her off because of her race and gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). However, Plaintiff cannot establish a *prima facie* case of gender or race discrimination, nor can she rebut Technicolor's

legitimate, non-discriminatory reason for her lay-off, because she was not selected for lay-off but rather asked to be laid off.

Plaintiff also claims that Technicolor paid a white male more than she based upon race and gender in violation of Title VII. Plaintiff cannot establish a *prima facie* case because the white male was actually paid **less** than Plaintiff during the time he was similarly situated to Plaintiff. When he was promoted to a position of greater responsibility he received a concomitant pay increase, which meant that he was paid slightly more than Plaintiff. Plaintiff cannot rebut Technicolor's legitimate, non-discriminatory reasons for paying an employee – in a higher paid position – more than it paid Plaintiff.

Next, Plaintiff claims Technicolor subjected her to a sexually and racially hostile work environment in violation of Title VII. Plaintiff, however, failed to exhaust her administrative remedies with respect to these claims, and, even if she had, they are time-barred. Furthermore, Plaintiff cannot establish a *prima facie* case, and, in any event, Technicolor is entitled to an affirmative defense.

Finally, Plaintiff claims Technicolor retaliated against her in violation of the Tennessee Human Rights Act ("THRA"), 42 U.S.C. § 1983, and the First, Fifth, and Fourteenth Amendments to the Constitution of the United States, by laying her off. Plaintiff cannot establish a *prima facie* case under the THRA because she did not engage in protected activity, she suffered no adverse employment action, and she cannot establish the requisite causal link. Furthermore, she cannot rebut Technicolor's legitimate, non-discriminatory reasons for laying her off: she asked to be laid off. With respect to her Section 1983 claim and constitutional claims, as Technicolor is a private employer and no government exercised authority over its actions with respect to Plaintiff's employment, these claims must be dismissed.

As required by Local Rule 56.1(a), Defendant's Statement of Undisputed Material Facts and Memorandum in Support of this motion are being filed along with this motion.

Respectfully submitted,

s/Kristy L. Gunn
Kristy L. Gunn (TN BPR No. 22821)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
Telephone:  (901) 767-6160
Facsimile:  (901) 767-7411
Kristy.gunn@odnss.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this 5th day of July, 2013, caused the foregoing to be electronically filed using the Court's CM/ECF filing system which will provide notice of such filing to the following:

Paul J. Springer
William Kelley
SPRINGER & ASSOCIATES
301 Washington Ave., Ste. 300
Memphis, TN 38103

s/Kristy L. Gunn